47 P.(2d) 901

**SNYDER v. STAHLMAN LUMBER CO.**

No. 4051.

Supreme Court of New Mexico.

July 8, 1935.

W. H. Patten, of Hobbs, for appellant.

John R. Brand, of Hobbs, for appellee.

BICKLEY, Justice.

Plaintiff (appellant), a dealer in automobiles and supplies therefor, sued defend-

ant (appellee) for the price of an automobile and some supplies. Defendant is a corporation with head offices in a Texas city and operates a number of lumber yards, among them the yard at Hobbs, N. Mex. Mr. Brown is manager of defendant's lumber yard in Hobbs. Mr. Reagan is a sales agent for plaintiff. Reagan delivered an automobile to the defendant's place of business. He testifies that Brown purchased it for defendant. Brown testifies that he told Reagan that the company might need a car when and if certain things happened in the company's affairs but that the delivery of the car was without authority from him, and states positively that he did not contract on behalf of the defendant or any one else for the purchase of the car. The court refused to give judgment for the plaintiff as to the automobile but rendered judgment in favor of plaintiff for $93.45 as for undisputed items of merchandise supplied defendants and awarded costs against plaintiff because this last amount had been tendered by defendant and refused by plaintiff.

Plaintiff presented findings of fact and conclusions of law which reflect his reliance upon a theory that Brown, acting for and on behalf of defendant, purchased the car; that Brown had both actual and apparent authority to buy the automobile for defendant; that defendant by keeping and using the car ratified and confirmed the purchase thereof by Brown. The court refused to adopt plaintiff's findings and conclusions necessary to support such theory, but on the other hand adopted defendant's findings and conclusions to the effect that Brown had neither actual nor implied authority to purchase automobiles for defendant. The briefs are devoted mostly to argument as to the law of agency. These interesting questions we find it unnecessary to consider because the court made a finding that Brown did not purchase the car.

One of appellant's points urged for reversal is that the court's findings are not supported by substantial evidence. The burden was on the plaintiff to establish that Brown as defendant's agent, acting within the scope of his authority and on behalf of defendant, purchased the automobile. If Brown did not purchase the car, the question of agency drops out of the picture. It seems that Brown gave plaintiff's sales agent a tip that the defendant company would shortly need a car if it put on another lumber salesman. The following is an illustrative excerpt from the record of Brown's testimony:

"Q. It has been testified here, Mr. Brown, by Mr. Reagan, that you purchased from him in the name of the Stahlman Lumber Company a certain Ford Automobile, please state whether or not you did purchase this car? A. I did not.

"Q. State as well as you can remember the substance of your conversations had

with Mr. Reagan about which he has testified. A. Well, Mr. Reagan had contacted me repeatedly for the sale of an automobile, and I told him I didn't at that time want an automobile and could not purchase one; but along in the early part of April it looked as though we were going to put another man on the pay roll at the Hobbs yard, and if that had occurred we would have had to purchase an automobile in addition to the one I drove, and Mr. Reagan worked pretty hard in his sales' work, and I met him in the yard, and I told him to get in touch with Mr. Stahlman (President of the Company), that at some time in the very near future we would have to have an automobile if we put this field man on. All right, Mr. Stahlman came through the yard, and Mr. Reagan came to the yard, and I told him he just must see Mr. Stahlman. So late one afternoon, Mr. Stahlman came through Hobbs enroute to Carlsbad, and I met Mr. Reagan and I told him Mr. Stahlman had just gone to Carlsbad, he could catch him there by telephone tonight, and walked on down the street, and the next morning I had been working the field, and along noon at some time I drove back to the office, and there set a brand new automobile, new license on it, and I walked into the office and asked Joe Alexander * * * whose car that was, and he said he didn't know, that Reagan brought it in there and threw the keys down, and I knew nothing whatever about it; and the next day or day after I saw Mr. Reagan and I asked him if he got in touch with Mr. Stahlman and did he buy it, and he said, 'No, sir, I didn't; I just brought the car down to you; go ahead and use it.' "

There is a sharp conflict between testimony of Reagan and Brown as to just what was said and done about the car. No attempt was made at impeachment of either of these witnesses. They were each supported by some circumstances supporting their respective understandings.

██ It was the court's province to decide as to what were the facts. His finding: "That said agent (Brown) did not enter into a contract for the purchase of this car," is supported by substantial evidence, and this finding stands in the way of plaintiff's recovery regardless of the nice question of Brown's authority as agent of defendant.

█ There were some questions raised by plaintiff in the lower court of sufficiency of tender by defendant of the $93.45, and the taxing of costs against plaintiff; but these are not argued here and we do not consider them.

Finding no error in the record, the judgment is affirmed, and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.